477-07/MEU

FREEHILL, HOGAN & MAHAR
Attorneys for Defendant
S K SHIPPING CO., LTD.
80 Pine Street
New York, New York 10005
(212) 425-1900
Michael E. Unger (ME0045)
William J. Pallas (WP 6201)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
FORTIS CORPORATE INSURANCE a/s/o
SECO STEEL TRADING, INC.,

                      Plaintiff,              07 Civ. 7401

     -against-

                                       **ANSWER TO VERIFIED**
M/V ATLANTIC FORTUNE, her engines,      **COMPLAINT**
boilers, etc., S.K. SHIPPING CO., LTD., and
ELLORA SEA CARRIERS, INC.,

                      Defendants.
-------------------------------------------------------------x

        Defendant, S.K. SHIPPING CO., LTD., by its attorneys, Freehill, Hogan & Mahar, responding to the Verified Complaint of Plaintiff herein, alleges upon information and belief as follows:

        1.      ADMITS that to the extent the claim relates to carriage of goods by water, Plaintiff states an admiralty claim and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and that it states a claim within the admiralty and maritime jurisdiction of this Court, but except as so specifically admitted, denies the remaining allegations contained in Paragraph "1" of Plaintiff's Verified Complaint.

2. DENIES knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "2" of Plaintiff's Verified Complaint.

3. ADMITS that Defendant S.K. SHIPPING CO., LTD., was engaged in the common carriage of merchandise by water for hire, with legal status and place of business as per Schedule "A" of Plaintiff's Verified Complaint, and was an owner or charterer of the M/V ATLANTIC FORTUNE, but except as so specifically admitted, denies the remaining allegations set forth in Paragraph "3" of Plaintiff's Verified Complaint.

4. ADMITS that the cargo was carried and delivered pursuant to the terms and conditions of the applicable bills of lading/contract of carriage, but except as so specifically admitted, denies the remaining allegations set forth in Paragraph "4" of Plaintiff's Verified Complaint.

5. ADMITS that the cargo was carried and delivered pursuant to the terms and conditions of the applicable bills of lading/contract of carriage, but except as so specifically admitted, denies the remaining allegations set forth in Paragraph "5" of Plaintiff's Verified Complaint.

6. DENIES the allegations set forth in Paragraph "6" of Plaintiff's Verified Complaint.

7. DENIES knowledge or information sufficient to form a belief as to the allegations

set forth in Paragraph "7" of Plaintiff's Verified Complaint.

8.   DENIES knowledge or information sufficient to form a belief with respect to the allegations set forth in Paragraph "8" of Plaintiff's Verified Complaint.

9.   ADMITS that Defendant has not paid any damages, but except as so specifically admitted, denies the remaining allegations set forth in Paragraph "9" of Plaintiff's Verified Complaint.

## AS AND FOR DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

10.   The Complaint fails to state a claim against the Answering Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

11.   The shipment in question was received, carried, discharged and / or delivered at the port of destination subject to the terms, conditions, exceptions and limitations of the provisions of the United States Carriage of Goods by Sea Act, Title 46 U.S.C. Section 13 *et seq.*, the Harter Act, Title 46 U.S.C. Section 190 *et seq.*, and / or other legislation pertinent to this carriage. Any loss or damage alleged to have been suffered by said shipment or to the shipper or consignee was due to a cause or causes for which neither the carrier nor the vessel is liable by virtue of the provisions of aforesaid Carriage of Goods by Sea Act and / or Harter Act,

and / or other pertinent legislation.

### THIRD AFFIRMATIVE DEFENSE

12. The shipment described in the Complaint was received, loaded, carried, discharged and delivered subject to the terms, conditions, exceptions and limitations of certain dock receipts, bills of lading, tariffs and/or contracts of affreightment, issued for carriage of the shipment, and by which the shipper, consignee and holders of said bills of lading agreed to be and are bound. Any damage to the goods, which is denied, was due to a cause or causes for which the Answering Defendant is not liable by virtue of said dock receipts, bills of lading, tariffs and / or contracts of affreightment.

### FOURTH AFFIRMATIVE DEFENSE

13. Any loss or damage to the goods, as alleged in the Verified Complaint, and which is denied, arose or resulted from the condition of the goods when delivered to the Answering Defendant, and / or from inherent defect, quality or vice of the goods, or insufficiency of packaging or marks or by act or omission of the shippers, or owners of the goods, their agents or representatives, or other third parties and not this Defendant.

### FIFTH AFFIRMATIVE DEFENSE

14. If any shortage and / or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and / or damage was not caused by or contributed to by the Answering Defendant, and such shortage and / or damage was not sustained by the shipment while in the care, custody or control of the Answering Defendant.

## SIXTH AFFIRMATIVE DEFENSE

15. If any shortage and / or damage was sustained by the shipment referred to in the Verified Complaint, which is denied, such shortage and / or damage was caused by or contributed to by the Plaintiff or others acting on its behalf.

## SEVENTH AFFIRMATIVE DEFENSE

16. The Plaintiff is not the real party in interest to this suit.

## EIGHTH AFFIRMATIVE DEFENSE

17. Insufficiency of service of process.

## NINTH AFFIRMATIVE DEFENSE

18. Plaintiff failed to give timely notice of this claim. The claim is time barred by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

19. Any liability of the Answering Defendant, which is denied, is limited in amount by the terms and provisions of the aforementioned dock receipts, bills of lading, tariffs, contracts of carriage, and Carriage of Goods by Sea Act and / or the Harter Act, or other governing legislation.

### ELEVENTH AFFIRMATIVE DEFENSE

20.    There is no in personam jurisdiction over this Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

21.    This litigation must be dismissed or stayed pursuant to the forum selection and/or arbitration clause incorporated in the applicable dock receipt(s), bill(s) of lading, tariff(s), charter(s) and/or contract(s) of affreightment.

### THIRTEENTH AFFIRMATIVE DEFENSE

22.    The Southern District of New York presents an inappropriate and an inconvenient forum for the adjudication of this dispute involving a shipment from Kaohsiung, Taiwan to New Orleans, U.S.A., neither of which bear any relationship to this jurisdiction and which, based upon the convenience of the parties and the public and private interest factors, should be dismissed under the doctrine of *forum non conveniens*.

### FOURTEENTH AFFIRMATIVE DEFENSE

23.    The Southern District of New York presents an inappropriate an/or improper venue for the litigation of this action involving transport of cargo from Kaohsiung, Taiwan to New Orleans, U.S.A. The action should be transferred to a more appropriate venue.

**WHEREFORE,** Defendant S.K. SHIPPING CO., LTD., prays that a decree be entered dismissing the Verified Complaint herein and that Defendant be awarded all costs, expenses and attorneys' fees incurred in connection with the defense of this action; and that this Court grant said Defendant such other and different relief as this Court may deem just and proper.

Dated: New York, New York
November 14, 2007

                                       FREEHILL, HOGAN & MAHAR
                                       Attorneys for Defendant
                                       S.K. SHIPPING CO., LTD.

                                       By: _____
                                           Michael E. Unger (MU0045)
                                             William J. Pallas (WP 6201)
                                       80 Pine Street
                                       New York, New York 10005
                                       Tel: 212 425-1900 / Fax: 212 425-1901

TO:    Nicoletti Hornig & Sweeney
         Wall Street Plaza
         88 Pine Street
         New York, New York 10005
         Attention: Lawrence C. Glynn, Esq.
         212 220 3830

STATE OF NEW YORK         :
                          : ss.:
COUNTY OF NEW YORK    :

GLORIA REGIS-HOSEIN, being duly sworn, deposes and says:

I am not a party to the action, am over 18 years of age and reside at 80 Pine Street, New York, New York 10005.   On November 14, 2007 I served the within ANSWER TO COMPLAINT, upon

Nicoletti Hornig & Sweeney
Wall Street Plaza
88 Pine Street
New York, New York 10005
Attention: Lawrence C. Glynn, Esq.

At the above address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
GLORIA REGIS-HOSEIN

Sworn to before me the
14th day of November, 2007.

_____
NOTARY PUBLIC

MARTHA L. BROWN
Notary Public, State of New York
No. 01BR6067399
Qualified in Kings County
Certificate Filed in New York County
Commission Expires December 10, 2009

NYDOCS1/293757.1